IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DANIEL ARGUELLES,**

    **Petitioner,**

v.  //  CIVIL ACTION NO. 1:12CV55
        CRIMINAL NO. 1:11CR49-1
          (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 12, 2012, the pro se petitioner, inmate Daniel Arguelles ("Arguelles"), filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255, (dkt. no. 1 in 1:12CV55 and dkt no. 67 in 1:11CR49-1), in which he alleges that his attorney rendered constitutionally ineffective assistance prior to his guilty plea by: (1) failing to file a motion to suppress a warrantless GPS tracking search of his vehicle; and (2) failing to advise him that his plea agreement would preclude him from challenging his conviction on grounds of warrantless GPS. (Dkt. No. 1-2). In support of these claims, Arguelles relies on United States v. Jones, a decision issued several months after his conviction became final. --- U.S. ----, 132 S. Ct. 945 (2012) (government's attachment of a GPS device to a vehicle is a "search" under the Fourth Amendment). The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

| ARGUELLES v. USA | 1:12CV55 |
|---|---|
| | 1:11CR49-1 |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On June 20, 2013, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") recommending that Arguelles' petition be denied and dismissed with prejudice. (Dkt. No. 9). The magistrate judge found that Arguelles, by virtue of his plea agreement, has knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction. Further, the magistrate judge determined that Arguelles' counsel was not ineffective for failing to anticipate a new rule of law, i.e., the Jones decision. See United States v. McNamara, 74 F.3d 514, 515 (4th Cir. 1996).

The R&R also specifically warned Arguelles that his failure to object to the recommendation within fourteen (14) days of service would result in the waiver of any appellate rights he might otherwise have on these issues. Although the record reflects that Arguelles' correctional center accepted service of the R&R on June 24, 2013, he has not filed any objections.[1] Consequently, finding no clear error, the Court:

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 9);

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

2. **DENIES** the instant § 2255 petition (dkt. no. 1 in 1:12CV55 and dkt no. 67 in 1:11CR49-1); and

3. **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

Finding no issue of constitutional merit upon which reasonable jurists might differ, the Court **DENIES** a certificate of appealability in this matter. See Rule 11(a), Rules Governing Section 2254 and 2255 Cases.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: July 18, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE